IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN C. BERKERY, SR. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 20-1910 |
| | : | |
| STATE FARM MUTUAL | : | |
| AUTOMOBILE INSURANCE | : | |
| COMPANY | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                              **March 10, 2021**

      Pro se Plaintiff John C. Berkery, Sr. brings this action alleging Defendant State Farm Mutual Automobile Insurance Company acted fraudulently, in bad faith, and in violation of Pennsylvania's consumer protection laws when it denied Berkery's insurance claim following an automobile accident. State Farm now moves to dismiss the action for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). After reviewing the Amended Complaint and finding no basis for the exercise of subject matter jurisdiction, the Court will *sua sponte* dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(h)(3).

**BACKGROUND**

      John C. Berkery, Sr. and Thomas Mooney were involved in an automobile collision in the parking lot of a convenience store in Flourtown, Pennsylvania on October 26, 2019. Berkery alleges Mooney's car struck his car as he backed out of a parking spot. Berkery claims he had the right-of-way and Mooney was at fault. The damage to Berkery's vehicle was estimated to be $768.58. *See* Compl. Ex. G, ECF No. 2.

      Berkery held a liability automobile-insurance policy with the Government Employees Insurance Company (GEICO) at all relevant times. Mooney carried a similar policy with

Defendant State Farm. After the accident, Berkery filed a claim with State Farm (Mooney's insurer) and State Farm denied the claim, stating "no independent evidence has been provided to determine which version of the accident [was] accurate." *Id.* Ex. F. In instances where fault cannot be determined, State Farm's policy is to assign liability at "[w]ord versus [w]ord." *Id*. Berkery claims State Farm acted fraudulently and in bad faith when it denied his claim and sent him several subsequent correspondences regarding the status of the claim.

Berkery filed suit against State Farm on April 13, 2020, alleging common law fraud and deceit, bad faith pursuant to 42 Pa. Cons. Stat. § 8371, violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa. Cons. Stat. §§ 201-1–9.2, and violations of the Unfair Insurance Practices Act (UIPA), 40 Pa. Cons. Stat. § 1171.1 as factors in determining bad faith. *See* Compl. 1–2, ECF No. 2. State Farm filed a motion to dismiss the Complaint but Berkery then filed a timely Amended Complaint. ECF No. 8–9. The Amended Complaint reiterates the same core allegations but also states a new claim for "intentional and negligent interference with this action" by State Farm and Claim Agent Vinita Deshmukh.[1] Am. Compl. 18, ECF No. 9. Deshmukh was an agent assigned to Berkery's claim and sent Berkery several periodic letters related to his claim and this litigation. Am. Compl. Ex. H, K, ECF No. 9. Although the letters say they were automatically generated pursuant to State Farm's policies and Pennsylvania regulations governing claims processing, Berkery claims these communications were "unwanted and threatening." *Id.* at 18. State Farm now moves again to dismiss this action because the Amended Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot., ECF No. 11.

---

[1] The Amended Complaint alleges Deshmukh is individually liable in tort for interference with this litigation but Berkery never served Deshmukh with process and Deshmukh is not a party to this case.

2

Berkery's claims arise wholly under Pennsylvania state law. He asserts he has met the requirements for diversity jurisdiction because he is a citizen of Pennsylvania and State Farm is an Illinois corporation with its principal place of business also in Illinois. Am. Compl. 1–2, ECF No. 9. Berkery claims the amount in controversy exceeds $75,000. *Id.* at 1.

**DISCUSSION**

Berkery has failed to establish the statutory requirements for diversity jurisdiction and the Court will therefore dismiss the Amended Complaint. Although the parties are completely diverse, Berkery has failed to show that the amount in controversy exceeds $75,000.

In order for a federal court to exercise diversity jurisdiction, the plaintiff must meet two requirements. First, the matter in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Second, the parties must be citizens of different states and completely diverse. *Id*. Berkery is the sole plaintiff and a citizen of Pennsylvania; State Farm is the sole defendant and a citizen of Illinois. Berkery has thus satisfied the complete diversity requirement in the Amended Complaint. *See* Am. Compl. 2, ECF No. 9.  However, he has failed to show how the amount in controversy exceeds $75,000.

The jurisdictional minimum question may be raised by either party at any time, and if not raised by the parties, it is to be raised by the court on its own initiative. Fed. R. Civ. P. 12(h)(3); *see also Carlsberg Resources Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977). The relevant time for establishing the amount in controversy is at the commencement of the action, which is the time the complaint is filed. *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 395–96 (3d Cir. 2016); *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217–18 (3d Cir. 1999). The determination is controlled by application of federal standards,

although state law determines the nature and extent of damages to be awarded. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352–53 (1961).

In a diversity action, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . the suit will be dismissed." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Auto-Owners Ins. Co.*, 835 F.3d at 395. A mere conclusory statement of jurisdiction in the complaint is insufficient to determine whether the amount in controversy has been met. *Id*. The plaintiff must merely establish that it does *not* appear to a legal certainty that the claim is *below* the jurisdictional amount. *Omega Sports v. Sunkyong America*, 872 F. Supp. 201, 202 (E.D. Pa. 1995). The burden of proof is on the party asserting jurisdiction, who must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Auto-Owners Ins. Co.*, 835 F.3d at 395. The amount must be pleaded, and a complaint is fatally defective if it fails to contain a proper allegation of the amount in controversy. *See Shlesinger v. Councilman*, 420 U.S. 738, 744 (1975). However, in applying the legal certainty test, the court can resort to matters outside the pleadings in order to amplify the meaning of the complaint's allegations. *See Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982).

When deciding the jurisdictional amount in a case with a small claim for special damages and a large claim for unliquidated damages, the Third Circuit has stated,

> assuming that claimed tangible items of damage legally related to the cause of action will be taken as true, the court should be able to determine … the 'upper limit' of a permissible award that includes tangible recoverable items such as medical[,] special[,] and lost wages damage items as well as the intangibles of pain, suffering, and inconvenience [and loss of future earning capacity].

Nelson v. Keefer, 451 F.2d 289, 296 (3d Cir. 1971).

Berkery claims actual damages of $788.58, incidental damages, costs, fees, expenses, and statutory interest on any money damages. Am. Comp. 19–20, ECF No. 9. Berkery also asks the Court to permanently enjoin State Farm from "further violations of law" and "commissions of [] fraudulent actions." *Id*. Actual damages are includable in the jurisdictional amount calculation, but costs and fees generally are not unless they form part of the claim itself. Although Berkery also seeks incidental damages based on his bad faith and unfair business practices claims, he fails to state with any degree of specificity what those damages are and how they exceed the $75,000 threshold. Because he also asks for injunctive relief, the Court must assess whether the value of the injunction sought raises the total value of the action to exceed the jurisdictional amount in controversy.  The value of an injunction is measured by the value, from the plaintiff's perspective, of the right sought to be protected. *See In re Corestates Tr. Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994) (quoting Wright et al., *Fed. Prac. & Proc.* § 3708, 143–44 (2d ed. 1985)); *see also Pierson v. Source Perrier, S.A.*, 848 F. Supp. 1186, 1189 (E.D. Pa. 1994) (citing *John B. Kelly, Inc. v. Lehigh Nav. Coal Co., Inc.*, 151 F.2d 743 (3d Cir. 1945)). Whether the injunction is measured by State Farms cost of compliance or the value of the benefit to Berkery, it appears to a legal certainty that the value of enjoining State Farm from sending monthly letters regarding his car insurance claim combined with Berkery's actual and incidental damages cannot exceed $75,000. Berkery has made no claims for medical, special, or lost wages damages, nor has he alleged damages for pain, suffering, or loss of future earnings capacity.  Because Berkery seeks only $788.58 in actual damages and an injunction prohibiting State Farm from sending him mail—and fails to plead with specificity any other damages—it appears to a legal certainty his actual damages, incidental damages, and requested injunctive relief cannot exceed $75,000.

**CONCLUSION**

Because it appears to a legal certainty that the value of Berkery's potential recovery cannot exceed $75,000, and Berkery presents no other basis for subject matter jurisdiction, the Court will dismiss the Amended Complaint with prejudice.

An appropriate order follows.

BY THE COURT:


　/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.